UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CERTIFIED LUMBER, LLC,

                    Plaintiff,          Case No. 1:19-CV-06974-BMC

    -against-                           **ANSWER FOR CRANEWORKS, INC.**

FASSI GRU S.P.A., FASCAN INTERNATIONAL, INC.
and CRANEWORKS, INC.

                    Defendants.
------------------------------------------------------------------x

Defendant, CraneWorks, Inc. ("CraneWorks"), files this Answer to Plaintiff's Complaint ("Complaint"), and respectfully states as follows:

## ANSWERS TO ALLEGATIONS

Pleading further, if necessary, and without waiving the foregoing defenses, CraneWorks answers the allegations of Plaintiff's Original Complaint below:

1. CraneWorks denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiff's Complaint.

2. CraneWorks denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of Plaintiff's Complaint.

3. CraneWorks denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of Plaintiff's Complaint.

4. CraneWorks admits the allegations in paragraph 4 of Plaintiff's Complaint.

5. CraneWorks admits that Plaintiff purports to bring an action for alleged claims of breach of contract, breach of express and implied warranties, products liability, and fraudulent misrepresentation, and also admits that Plaintiff purchased two boom cranes, at a total cost of

approximately $530,000. CraneWorks denies the remainder of Plaintiff's allegations in paragraph 5 of Plaintiff's Complaint.

6.  CraneWorks denies the allegations in paragraph 6 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

7.  CraneWorks admits the allegations in paragraph 7 of Plaintiff's Complaint.

8.  CraneWorks admits that venue is proper in this District, but denies the remainder of the allegations in paragraph 8 of Plaintiff's Complaint.

9.  CraneWorks admits that it transacts business within the State of New York, but denies the remainder of Plaintiff's allegations in paragraph 9 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

10. CraneWorks admits that Plaintiff sought to purchase a Fassi crane, but denies the remainder of Plaintiff's allegations in paragraph 10 of Plaintiff's Complaint.

11. CraneWorks admits that Plaintiff sought to purchase a Fassi crane from CraneWorks' Olathe, Kansas location, but denies that it was called a Fassi 600 10-Story Crane.

12. CraneWorks admits that it provided an estimate to Plaintiff on September 22, 2017, but denies the remainder of Plaintiff's allegations in paragraph 12 of Plaintiff's Complaint.

13. CraneWorks admits that after negotiations Plaintiff agreed to purchase two Fassi cranes, but denies that they were called Fassi 600 10-Story Cranes.

14. CraneWorks admits that it provided an estimate to Plaintiff on January 15, 2018, but denies the remainder of Plaintiff's allegations in paragraph 14 of Plaintiff's Complaint.

15. CraneWorks admits that Plaintiff provided a deposit of $31,500 for the first Fassi crane, but denies that it was called a Fassi 600 10-Story Crane.

16. CraneWorks admits Plaintiff's allegations in paragraph 16 of Plaintiff's Complaint, but denies that it was called a Fassi 600 10-Story Crane.

17. CraneWorks admits Plaintiff's allegations in paragraph 17 of Plaintiff's Complaint, but denies that it was called a Fassi 600 10-Story Crane.

18. CraneWorks admits the Fassi cranes were accompanied by express warranties issued by Fassi and Fascan, but denies the remainder of Plaintiff's allegations in paragraph 18 of Plaintiff's Complaint.

19. CraneWorks admits the allegations in paragraph 19 of Plaintiff's Complaint.

20. CraneWorks denies the allegations in paragraph 20 of Plaintiff's Complaint.

21. CraneWorks admits the allegations in paragraph 21 of Plaintiff's Complaint but denies that it was called a Fassi 600 10-Story Crane and denies that CraneWorks breached the applicable provisions of the UCC, including §§ 2-607 and 2-608.

22. CraneWorks denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. CraneWorks admits that it did not replace the Fassi crane but denies the remainder of the allegations in paragraph 23 of Plaintiff's Complaint.

24. CraneWorks denies the allegations in paragraph 24 of Plaintiff's Complaint.

## AS TO FIRST CLAIM
### (Breach of Contract Against Defendants)

25. CraneWorks incorporates its prior answers, responses and defenses as if set forth fully herein in response to paragraph 25 of Plaintiff's Complaint.

26. CraneWorks admits that it provided a quotation to Plaintiff but denies the remainder of the allegations in paragraph 26 of Plaintiff's Complaint.

27. CraneWorks admits the allegations in paragraph 27 of Plaintiff's Complaint but denies they were called Fassi 600 10-Story Cranes.

28. CraneWorks admits the cranes were unable to reach ten stories at all times but denies the remainder of Plaintiff's allegations in paragraph 28 of Plaintiff's Complaint.

29. CraneWorks denies the allegations in paragraph 29 of Plaintiff's Complaint.

30. CraneWorks denies the allegations in paragraph 30 of Plaintiff's Complaint.

31. CraneWorks admits that Plaintiff sent it a letter on November 26, 2019 notifying CraneWorks of its complaints, but denies the remainder of the allegations in paragraph 31 of Plaintiff's Complaint.

32. CraneWorks denies the allegations in paragraph 32 of Plaintiff's Complaint.

### AS TO SECOND CLAIM
**(UCC § 2-313 Breach of Express Warranty Against CraneWorks)**

33. CraneWorks incorporates its prior answers, responses and defenses as if set forth fully herein in response to paragraph 33 of Plaintiff's Complaint.

34. CraneWorks denies the allegations in paragraph 34 of Plaintiff's Complaint.

35. CraneWorks denies the allegations in paragraph 35 of Plaintiff's Complaint.

36. CraneWorks admits the cranes did not reach ten stories at all times, but denies the remainder of Plaintiff's allegations in paragraph 36 of Plaintiff's Complaint.

37. CraneWorks denies the allegations in paragraph 37 of Plaintiff's Complaint.

38. CraneWorks denies the allegations in paragraph 38 of Plaintiff's Complaint.

39. CraneWorks denies the allegations in paragraph 39 of Plaintiff's Complaint.

### AS TO THIRD CLAIM
**(UCC § 2-313 Breach of Express Warranty Against Fascan)**

40. CraneWorks incorporates its prior answers, responses and defenses as if set forth fully herein in response to paragraph 40 of Plaintiff's Complaint.

41. CraneWorks contends that the allegations contained in Plaintiff's Third Claim against Fascan, paragraphs 40-46 of Plaintiff's Complaint, contain assertions and conclusions to which no response from CraneWorks is required. To the extent Plaintiff's Third Claim contains any such allegations, CraneWorks denies each and every such allegation.

42. CraneWorks contends that the allegations contained in Plaintiff's Third Claim against Fascan, paragraphs 40-46 of Plaintiff's Complaint, contain assertions and conclusions to which no response from CraneWorks is required. To the extent Plaintiff's Third Claim contains any such allegations, CraneWorks denies each and every such allegation.

43. CraneWorks contends that the allegations contained in Plaintiff's Third Claim against Fascan, paragraphs 40-46 of Plaintiff's Complaint, contain assertions and conclusions to which no response from CraneWorks is required. To the extent Plaintiff's Third Claim contains any such allegations, CraneWorks denies each and every such allegation.

44. CraneWorks contends that the allegations contained in Plaintiff's Third Claim against Fascan, paragraphs 40-46 of Plaintiff's Complaint, contain assertions and conclusions to which no response from CraneWorks is required. To the extent Plaintiff's Third Claim contains any such allegations, CraneWorks denies each and every such allegation.

45. CraneWorks contends that the allegations contained in Plaintiff's Third Claim against Fascan, paragraphs 40-46 of Plaintiff's Complaint, contain assertions and conclusions to which no response from CraneWorks is required. To the extent Plaintiff's Third Claim contains any such allegations, CraneWorks denies each and every such allegation.

46. CraneWorks contends that the allegations contained in Plaintiff's Third Claim against Fascan, paragraphs 40-46 of Plaintiff's Complaint, contain assertions and conclusions to which no

response from CraneWorks is required. To the extent Plaintiff's Third Claim contains any such allegations, CraneWorks denies each and every such allegation.

## AS TO FOURTH CLAIM
### (UCC § 2-313 Breach of Express Warranty Against Fasi)

47. CraneWorks incorporates its prior answers, responses and defenses as if set forth fully herein in response to paragraph 47 of Plaintiff's Complaint.

48. CraneWorks contends that the allegations in Plaintiff's Fourth Claim against Fassi, paragraphs 47-52 of Plaintiff's Complaint, contain legal assertions and conclusions to which no response from CraneWorks is required. To the extent Plaintiff's Fourth Claim contains any such allegations, CraneWorks denies each and every such allegation.

49. CraneWorks contends that the allegations in Plaintiff's Fourth Claim against Fassi, paragraphs 47-52 of Plaintiff's Complaint, contain legal assertions and conclusions to which no response from CraneWorks is required. To the extent Plaintiff's Fourth Claim contains any such allegations, CraneWorks denies each and every such allegation.

50. CraneWorks contends that the allegations in Plaintiff's Fourth Claim against Fassi, paragraphs 47-52 of Plaintiff's Complaint, contain legal assertions and conclusions to which no response from CraneWorks is required. To the extent Plaintiff's Fourth Claim contains any such allegations, CraneWorks denies each and every such allegation.

51. CraneWorks contends that the allegations in Plaintiff's Fourth Claim against Fassi, paragraphs 47-52 of Plaintiff's Complaint, contain legal assertions and conclusions to which no response from CraneWorks is required. To the extent Plaintiff's Fourth Claim contains any such allegations, CraneWorks denies each and every such allegation.

52. CraneWorks contends that the allegations in Plaintiff's Fourth Claim against Fassi, paragraphs 47-52 of Plaintiff's Complaint, contain legal assertions and conclusions to which no

response from CraneWorks is required. To the extent Plaintiff's Fourth Claim contains any such allegations, CraneWorks denies each and every such allegation.

## AS TO FIFTH CLAIM
### (NY General Business Law Section 349(h) Against Defendants)

53. CraneWorks incorporates its prior answers, responses and defenses as if set forth fully herein in response to paragraph 53 of Plaintiff's Complaint.

54. CraneWorks denies the allegations in paragraph 54 of Plaintiff's Complaint.

55. CraneWorks denies the allegations in paragraph 55 of Plaintiff's Complaint.

56. CraneWorks admits the allegations in paragraph 56 of Plaintiff's Complaint but denies the crane was called a Fassi 600 10-Story Crane.

57. CraneWorks denies the allegations in paragraph 57 of Plaintiff's Complaint.

58. CraneWorks denies the allegations in paragraph 58 of Plaintiff's Complaint.

59. CraneWorks denies the allegations in paragraph 59 of Plaintiff's Complaint.

## AS TO SIXTH CLAIM
### (UCC § 2-314 Breach of Implied Warranty Against Defendants)

60. CraneWorks incorporates its prior answers, responses and defenses as if set forth fully herein in response to paragraph 60 of Plaintiff's Complaint.

61. CraneWorks denies the allegations in paragraph 61 of Plaintiff's Complaint.

62. CraneWorks admits that it is a retailer of goods but denies the remaining allegations in paragraph 62 of Plaintiff's Complaint.

63. CraneWorks denies the allegations in paragraph 63 of Plaintiff's Complaint.

64. CraneWorks admits the crane did not reach ten stories at all times but denies the remaining allegations in paragraph 64 of Plaintiff's Complaint.

65. CraneWorks denies the allegations in paragraph 65 of Plaintiff's Complaint.

66. CraneWorks denies the allegations in paragraph 66 of Plaintiff's Complaint.

67. CraneWorks admits that it has been in communication with Plaintiff but denies the remainder of the allegations in paragraph 67 of Plaintiff's Complaint.

## AS TO SEVENTH CLAIM
### (Fraudulent Misrepresentation Against Defendants)

68. CraneWorks incorporates its prior answers, responses and defenses as if set forth fully herein in response to paragraph 68 of Plaintiff's Complaint.

69. CraneWorks denies the allegations in paragraph 69 of Plaintiff's Complaint.

70. CraneWorks denies the allegations in paragraph 70 of Plaintiff's Complaint.

71. CraneWorks denies the allegations in paragraph 71 of Plaintiff's Complaint.

72. CraneWorks denies the allegations in paragraph 72 of Plaintiff's Complaint.

## AS TO EIGHTH CLAIM
### (Products Liability)

73. CraneWorks incorporates its prior answers, responses and defenses as if set forth fully herein in response to paragraph 73 of Plaintiff's Complaint.

74. CraneWorks denies the allegations in paragraph 74 of Plaintiff's Complaint.

75. CraneWorks admits that it is a retailer of goods but denies the remaining allegations in paragraph 75 of Plaintiff's Complaint.

76. CraneWorks denies the allegations in paragraph 76 of Plaintiff's Complaint.

77. CraneWorks denies that Plaintiff is entitled to the relief sought in the Prayer for Relief, including but not limited to the items and categories of relief specified in subparagraphs i. through iv. or any other prayers for damages in Plaintiff's Original Complaint. CraneWorks denies the remaining allegations as set forth in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

78. Plaintiff has failed to state any claim or cause of action for which relief can be granted.

### SECOND DEFENSE

79. Plaintiff is estopped from asserting any claims against CraneWorks, and its claims are barred upon information and belief, in whole or in part, by Plaintiff's unclean hands, laches, waiver, and/or estoppel.

### THIRD DEFENSE

80. Plaintiff's alleged damages are not recoverable due to their failure to mitigate their damages.

### FOURTH DEFENSE

81. Plaintiff's alleged damages are not recoverable because they are speculative or uncertain.

### FIFTH DEFENSE

82. If Plaintiff suffered damage or loss as alleged, Plaintiff is not entitled to recover any consequential damages from CraneWorks.

### SIXTH DEFENSE

83. Plaintiff's implied warranty claim against CraneWorks fails because CraneWorks did not make any implied warranties to Plaintiff.

### SEVENTH DEFENSE

84. Plaintiff's express warranty claim against CraneWorks fails because CraneWorks did not make any express warranties to Plaintiff.

**EIGHTH DEFENSE**

85. If Plaintiff suffered damage or loss as alleged, that damage or loss was caused by the acts and/or omissions of other parties and/or persons for whom CraneWorks is not responsible.

**NINTH DEFENSE**

86. Any damages or losses allegedly sustained by Plaintiff were the direct and proximate result of intervening and/or superseding actions and/or inactions on the part of other parties and/or persons other than CraneWorks.

**TENTH DEFENSE**

87. Plaintiff's claims are barred by Uniform Commercial Code Section 2-607 for failure to seasonably give notice of any breach as to accepted goods.

**ELEVENTH DEFENSE**

88. Plaintiff's claims are barred by a failure to make a rightful rejection of tendered goods under Uniform Commercial Code Section 2-602 and 2-606(a)(2).

**TWELFTH DEFENSE**

89. Plaintiff's claims are barred by a failure to particularize objections under Uniform Commercial Code Section 2-605(a).

**THIRTEENTH DEFENSE**

90. Plaintiff's claims are barred by the parol evidence rule under Uniform Commercial Code Section 2-202.

**FOURTEENTH DEFENSE**

91. Plaintiff's claims are barred by exclusion, limitation or modification of warranties under Uniform Commercial Code Section 2-316.

## FIFTEENTH DEFENSE

92. Plaintiff's claims are barred by a contractual limitation of liability and by an exclusive remedy under Uniform Commercial Code Section 2-719.

## SIXTEENTH DEFENSE

93. CraneWorks reserves the right to assert additional defenses, and potential counterclaims/crossclaims, upon receipt of and review of all documents and other material or information relevant to this matter, including documentation in Plaintiff's possession.

## CROSS-CLAIMS

Defendant CraneWorks, as for its cross-claims against Defendants FASSI GRU S.P.A. ("Fassi") and FASCAN INTERNATIONAL, INC. ("Fascan") (collectively, "Cross-Defendants"), hereby upon information and belief alleges as follows:

## PARTIES

94. CraneWorks, is a corporation organized and existing under the laws of the State of Texas with its principal place of business located in Houston, Texas.

95. Cross-Defendant, Fassi, is a corporation duly organized and existing under the laws of Italy with its principal place of business located at Via Roma 110, 24021 Albino, Province of Bergamo, Italy.

96. Cross-Defendant, Fascan, is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business located at 4517 North Point Boulevard, Baltimore, Maryland, 21219.

97. Plaintiff, Certified Lumber, LLC ("Certified Lumber"), is an LLC duly organized and existing under the laws of the State of New York, with its principal place of business located at 470 Kent Avenue, Brooklyn, New York, 11249.

## JURISDICTION

98. This Court has supplemental jurisdiction over CraneWorks' cross-claims under 28 U.S.C. § 1367(a) as the cross-claims are so related to Plaintiff's claims (the "Main Action) over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## RELEVANT FACTUAL BACKGROUND

99. The Main Action arises out of Plaintiff's breach of contract, breach of express and implied warranties, products liability, and fraudulent misrepresentation claims against CraneWorks, Fassi, and Fascan. Plaintiff alleged that it purchased two Fassi boom cranes from CraneWorks in 2018 that were defective and did not reach a height of ten (10) stories, despite alleged representations that the cranes would reach such height. Plaintiff alleges that it was induced to purchase the two cranes on these alleged false and knowing misrepresentations.

100. Plaintiff filed the Main Action against CraneWorks, Fassi, and Fascan on December 12, 2019, seeking judgment for breach of contract, breach of express and implied warranties, products liability, and fraudulent misrepresentation. However, CraneWorks did not make any express or implied warranties to Plaintiff, nor did it breach any contract with Plaintiff. Instead, Fassi and Fascan were the parties who made warranties and contracts with Plaintiff. Indeed, the cranes at issue in the Main Action are cranes which were provided by Cross-Defendants.

101. Accordingly, CraneWorks now seeks these cross-claims against Fassi and Fascan.

## FIRST CROSS-CLAIM
**(Common Law Indemnification)**

102. CraneWorks repeats and realleges each and every allegation set forth above as if fully set forth herein at length.

103. CraneWorks denies that it is liable to Plaintiff or any other party in any amount. If, however, CraneWorks shall become obligated in any amount to Plaintiff, or any other party, by judgment or otherwise, then Cross-Defendants would be obligated to indemnify CraneWorks for such liability to the Plaintiff and for all of CraneWorks' costs and expenses, including reasonable attorneys' fees and expenses, incurred in the defense of Plaintiff's claims.

## SECOND CROSS-CLAIM
### (Contribution)

104. CraneWorks would show that in the unlikely event it is found liable to Plaintiff, CraneWorks states that the occurrence and events in question, as well as any damages complained of by Plaintiff, were proximately caused, contributorily caused or producingly caused, in whole or in part, by the acts, omissions, or other conduct on the part of Cross-Defendants. If CraneWorks is found liable to Plaintiff for any of Plaintiff's causes of action, then Cross-Defendants are liable to CraneWorks for all or part of the claims against it and should be required to contribute to any damages awarded to Plaintiff.

## CONDITIONS PRECEDENT

105. All conditions precedent to CraneWorks' claims for relief have been performed or have occurred.

**WHEREFORE,** Defendant CraneWorks, Inc. respectfully requests that the Court grant a judgment dismissing Plaintiff's Complaint against CraneWorks, Inc. in its entirety, and grant CraneWorks, Inc.'s cross-claims as follows:

a. Dismissing the Complaint with prejudice as to CraneWorks, Inc.;

b. Granting the relief requested in CraneWorks, Inc.'s cross-claims;

c. Awarding CraneWorks its costs and disbursements, including reasonable attorneys' fees; and

    d.   Granting such other and further relief as the Court deems just, fair and equitable.

Dated: Houston, Texas
       March 5, 2020

Respectfully submitted,

*/s/ James M. Cleary, Jr.*
James M. Cleary, Jr.
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1100
Houston, Texas 77002
Telephone:  713) 632-1700
Facsimile:  (713) 222-0101
E-mail:  cleary@mdjwlaw.com

LEAD ATTORNEY FOR DEFENDANT,
CRANEWORKS, INC.

and

NUKK-FREEMAN & CERRA, P.C.

*/s/ Joseph M. Vento*
Joseph M. Vento,
Chatham Executive Center
26 Main Street
Chatham, NJ 07928
Telephone:  (973) 507-7636
Facsimile:   (973) 665-9101
Email:  *JVento@nfclegal.com*

# **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above pleading has been forwarded via e-filing pursuant to Fed. R. Civ. P. 5, on this the 5th day of March, 2020 to all counsel of record.

Michael B. Sena
Alyssa J. Pantzer
HERZFELD & RUBIN, P.C.
125 Broad Street
New York, New York 10004
(212) 471-8500
*Attorney for Plaintiff,*
*Certified Lumber, LLC*

Samuel Rosenthal
Nelson Mullins Rilery & Scarborough LLP
280 Park Avenue, 15th Floor West
New York, New York 10017
Telephone: 646-428-2600
Facsimile: 646-428-2610

and

Katherine A. DeStefano
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave., NW, Suite 900
Washington, DC 20001
Telephone: (202) 689-2985
Facsimile: (202) 712-2860

and

Michael J. Halaiko
Nelson Mullins Riley & Scarborough LLP
100 S. Charles Street, Suite 1600
Baltimore, Maryland 21201
Telephone: (443) 392-9413
Facsimile: (443) 392-9499

*Attorneys for Defendants,*
*Fassi Gru S.P.A. and Fascan International, Inc.*

            */s/ James M. Cleary, Jr.*
             James M. Cleary, Jr.