UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
CERTIFIED LUMBER, LLC,

|  |  |
|---|---|
| Plaintiff, | **AMENDED COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| FASSI GRU S.P.A., FASCAN INTERNATIONAL, INC. and CRANEWORKS, INC., | Case No. 19-cv-6974 |
| Defendants. | |

---------------------------------------------------------------------X

Plaintiff, CERTIFIED LUMBER, LLC, by its attorneys, Herzfeld & Rubin, P.C., 125 Broad Street, New York, New York, 10004, as and for its Amended Complaint against Defendants, alleges upon information and belief, as follows:

## PARTIES

1. Plaintiff Certified Lumber, LLC ("Plaintiff") is an LLC duly organized and existing under the laws of the State of New York, with its principal place of business located at 470 Kent Avenue, Brooklyn, New York, and is in the business of supplying lumber, building hardware, and other building materials to customers throughout the New York metropolitan area.

2. Abraham Rosenberg is the sole member of the Certified Lumber, LLC and is a resident of the State of New York, County of Kings.

3. Upon information and belief, Defendant FASSI GRU S.P.A. ("Fassi"), is a corporation duly organized and existing under the laws of Italy with its principal place of business located at Via Roma 110, 24021 Albino, Province of Bergamo, Italy, and is a world-wide manufacturer and seller of hydraulic articulating cranes.

4. Upon information and belief, Defendant, FASCAN INTERNATIONAL, INC. ("Fascan"), is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business located at 4517 North Point Boulevard, Baltimore, Maryland, 21219, is the United States distributor for Fassi hydraulic articulating cranes, maintains over 100 certified service centers and dealers throughout the United States, and regularly exports and distributes Fassi cranes throughout the United States, including New York.

5. Upon information and belief, Defendant, CRANEWORKS, INC. ("CraneWorks"), is a corporation duly organized and existing under the laws of the State of Texas with its principal place of business located in Houston, Texas, is in the business of acting as a commercial retailer and dealer for Fassi hydraulic articulating cranes throughout the United States, including New York, and regularly sells, services, maintains, and repairs Fassi cranes for customers in the State of New York, including Plaintiff.

## NATURE OF THE PRESENT ACTION

6. Plaintiff brings this action against Defendants to recover damages arising from Defendants' breach of contract, breach of express and implied warranties, and products liability arising out of Plaintiff's purchase of two Fassi articulated wallboard boom cranes (serial numbers 6044-0007 and 6044-0008) from CraneWorks in 2018 needed to conduct Plaintiff's business operations. Plaintiff purchased the two boom cranes, at a total cost of approximately $530,000, based upon the express representations and assurances by defendants that the Fassi cranes would be operable and would reach a height of ten (10) stories so that Plaintiff could deliver lumber, wallboard, and other materials to customers for use in construction projects throughout the New York metropolitan area. At the time of Plaintiff's purchase of the cranes, the ownership of a ten-story crane was novel and unique to Plaintiff's market, and was supposed and intended to give Plaintiff a competitive advantage and edge over its competitors. Despite

repeated attempts to repair the defective, unsuitable, and non-conforming cranes, Defendants have been unable to do so, thereby vitiating the underlying and fundamental purpose of Plaintiff's purchase of the cranes and denying it the right to receive the goods in the condition it contracted for.

7. As a direct and proximate consequence of Defendants' wrongful and actionable conduct, Plaintiff has suffered, and continues to suffer, substantial damages.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 on the grounds that there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper because Defendants' breach of contract and wrongful acts arose and emanated from this District and because Plaintiff is based in this District.

10. This Court has jurisdiction over each of the named Defendants pursuant to N.Y. C.P.L.R. § 302(a)(1), (a)(2), and (a)(3) because they: (a) transact business within the state of New York or contracted anywhere to supply goods or services in the State; (b) committed a tortious act within the state of New York; and/or (c) committed a tortious act without the state of New York causing injury to person or property within the state and: (i) regularly transact business within the state and engage in persistent course of conduct, derive substantial revenue from goods used or consumed or services rendered; and (ii) expect or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

**FACTUAL BACKGROUND**

11. In September 2017, Plaintiff sought to purchase a Fassi 600 10-Story Crane Installed on a 2018 Kenworth T880 with Eaton Fuller Automatic Shift Ultrashift Transmission (hereinafter "Fassi 600 10-Story Crane") from Defendant CraneWorks' Olathe, Kansas location, for the purpose of hoisting loads of metal, lumbar, wallboard, and other construction materials to a height of ten (10) stories.

12. On September 22, 2017, CraneWorks provided Plaintiff with a quotation detailing the features of the Fassi 600 10-Story Crane, namely promising delivery of an operable and mechanically functional Fassi 600 10-Story Crane that would reach a height of ten (10) stories, and extend horizontally to 101 feet and vertically to 115 feet and have a horizontal load capacity of 1,390 pounds and a vertical load capacity of 3,660 pounds.

13. After negotiations between, *inter alia*, Plaintiff's Abraham Rosenberg and CraneWorks' owner, David Collis, and sales representative, John Lusby, Plaintiff agreed to purchase 2 Fassi 600 10-Story Cranes.

14. CraneWorks sent a new quotation, dated January 15, 2018, to Plaintiff for Fassi 600 10-Story Cranes. Again, the quotation listed the Fassi 600 10-Story Crane features, including that the Fassi 600 10-Story Cranes would reach ten (10) stories.

15. Plaintiff provided CraneWorks with a deposit of $31,500 for the first Fassi 600 10-Story Crane.

16. On January 3, 2018 a Bill of Sale was provided by CraneWorks acknowledging the sale of a Fassi 600 10-Story Crane (serial number 6044-0007, model number F600.24SE) to Plaintiff in consideration of the sum of $233,156.00 ($264,656 less the $31,500 deposit).

17. The Fassi 600 10-Story Crane (serial number 6044-0007) was delivered by Defendants to Plaintiff's premises located at 470 Kent Avenue, Brooklyn, New York.

18. Nearly immediately thereafter, the Fassi 600 10-Story Crane broke down, requiring repairs, including, but not limited to, the following:

   a) In March 2018, a leak was found in the main boom section requiring new hoses and reels costing Plaintiff $3,736.01;

   b) In May 2018, all ten (10) hoses were damaged requiring repair and replacement. Plaintiff was charged $16,725.01 to effectuate this repair;

   c) In June 2018, the drivers' side hose reel was mis-tracked, kinked, and twisted requiring a repair costing Plaintiff $2,054.85;

   d) In July 2019, the crane began leaking oil out of the main boom area, and an oil leak was identified from the main pack area. A repair was performed costing Plaintiff $3,390.68;

   e) In September 2018, leaks were identified in the drivers-side diverter valve and in the extension pack. Repairs with a total cost over $5,000.00 were performed;

   f) In December 2018, a leak was identified in the main extension load holding valve. The crane's boom sustained damage. A repair was performed costing Plaintiff over $10,000.00; and

   g) In January 2019, further leaks were identified in the hydraulic systems as well as malfunctions in the software and computer systems. Further repair costs totaled approximately $5,500.00.

19. In addition to those mechanical defects concerning the Fassi 600 10-Story Crane (serial number 6044-0007), the design and/or manufacturing of the product was defective because it could not extend to ten (1) stories, the essential purpose underlying Plaintiff's purchase of the product and contrary to the representations made by defendants.

20. After having been reassured by the defendants that the design of the boom crane was not defective and repairs would be timely and properly made so that the original crane would meet Plaintiff's stated needs and expectations, on August 14, 2018, a second Bill of Sale

5

was provided by CraneWorks acknowledging the sale to Plaintiff of a second Fassi 600 10-Story Crane (serial number 6044-0008, model number F500SE.44).

21. The second Fassi 600 10-Story Crane (serial number 6044-0008) was delivered by Defendants to Plaintiff's premises located at 470 Kent Avenue, Brooklyn, New York.

22. In that same month, Plaintiff's second Fassi 600 10-Story Crane (serial number 6044-0008) began showing signs that it also was defective. For example:

   a) On August 23, 2018, less than one month after its delivery, leaking lines were discovered at the main extension pack. The hydraulic oil levels were also low. Repairs were performed costing Plaintiff $5,821.90; and

   b) In October 2018, a further massive hydraulic leak was found coming out of the main extension area, requiring removal of the main extension pack. The repair cost Plaintiff over $17,000.00.

23. Both of the Fassi 600 10-Story Cranes (serial numbers 6044-0007 and 6044-0008) that Plaintiff purchased were accompanied by express warranties issued by Fassi, Fascan, and CraneWorks.

24. The Fassi 600 10-Story Cranes were only the seventh and eighth (i.e. serial number 6044-0007 and 6044-0008) cranes manufactured and distributed by Fassi and Fascan, respectively.

25. Upon information and belief, defendants Fassi and Fascan were aware that the subject Fassi 600 10-Story Cranes were intended for and delivered to Plaintiff at his facilities located in Brooklyn, New York.

26. Upon information and belief, the first six Fassi 600 10-Story Cranes (i.e. serial numbers 6044-0001 through 6044-0006) were also sold to other purchasers in New York State and therefore, upon information and belief, Fassi and Fascan were aware of, and in fact

knew, that its products were intended for, shipped and delivered to, customers within the State of New York.

27. The Fassi 600 10-Story Cranes that were sold to Plaintiff are defective and fail to comply with the Fassi, Fascan, and CraneWorks warranties for several reasons; namely, they do not perform as intended and represented as follows:

a) The cranes do not reach and are not operational at ten (10) stories. At best, the boom cranes operate at an 8-story level. However, prior to the purchase of the Fassi 600 10-Story Cranes at issue here, Plaintiff already possessed cranes that could reach a level of eight (8) stories. The ability of the Fassi 600 10-Story Cranes to reach a maximum operable level of eight (8) stories was therefore not unique, and did not reflect what the parties bargained for, which was the purchase of Fassi 600 10-Story Cranes that could operate at a ten (10) story level. Plaintiff would not have purchased the two boom cranes had it known, and contrary to what was represented by CraneWorks, that the cranes could not extend to the required ten (10) story elevation;

b) The booms on the cranes do not fully extend horizontally to 101 feet, and do not fully extend vertically to 115 feet. Namely, the booms that were bargained for were supposed to extend by way of an extendable telescopic boom, horizontally from 28 feet to 101 feet and vertically from 41 feet to 115 feet. These specifications were not fulfilled.

c) The cranes malfunction when a foreseeable and reasonable amount of weight or load is placed in the boom. Per the specifications provided by CraneWorks for the purchase of the Fassi 600 10-Story Cranes, the boom was specified to have a horizontal load capacity of 1,390 pounds and a vertical load capacity of 3,660 pounds. These specifications were not fulfilled. In fact, when any significant amount of weight is placed in the boom, the booms malfunctioned in that, among other things, the system overrode, requiring the booms to be reset. As a result, certain jobs involving the cranes that should have taken little to no time to complete, took several hours or more.

d) The cranes regularly malfunctioned for no apparent reason. The Fassi 600 10-Story Cranes regularly stopped working for reasons that are unknown to Plaintiff. In fact, the Fassi 600 10-Story Cranes have repeatedly been left on job sites where Plaintiff is employed by their clients, due to the fact that the cranes cannot be removed from the jobsite as they have stopped operating. Defendants have appeared on Plaintiff's jobsites to try to effectuate repairs of the Fassi 600 10-Story Cranes on the jobsite because the cranes cannot be removed due to one or more malfunctions.

   e) The malfunctions described above are present in both cranes.

  28. Because the Fassi 600 10-Story Cranes were sold to Plaintiff in a defective condition, Plaintiff sent a letter to CraneWorks and Fascan, on or about November 26, 2019, stating, *inter alia*, that the Fassi 600 10-Story Cranes do not conform to the contract, warranties, and representations made by Defendants, and failed for their essential purposes and thereby the defendants breached the applicable provisions of the U.C.C., including, §§-2-607 and 2-608.

  29. Despite repeated attempts to "cure" the non-conforming and defective good delivered, Defendants failed to remedy the defects in the warranted Fassi 600 10-Story Cranes.

  30. Upon information and belief, Fassi and Fascan were aware that the subject Fassi 600 10-Story Cranes that were delivered to Plaintiff were defective and unrepairable.

  31. Defendants failed to replace or repair the warranted Fassi 600 10-Story Cranes.

  32. Plaintiff has suffered damages as a consequence of the actions of the Defendants.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract Against Defendants)**

  33. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "32" hereof, with the same force and effect as if fully set forth at length herein.

  34. At all times relevant, the express warranties issued by Fassi and Fascan were in full force and effect.

  35. Beginning in September 2017, and continuing through January 2018, Plaintiff agreed to purchase two (2) Fassi 600 10-Story Cranes from Defendants.

36. In 2018, Defendants breached their obligations under the contracts by delivering defective products; namely, the Fassi 600 10-Story Cranes were delivered to Plaintiff in a defective condition, requiring repeated unsuccessful and costly repairs, and failed to reach the required ten (10) stories, failed to operate properly above eight (8) stories, failed to horizontally extend from 28 feet to 101 feet, failed to vertically extend from 41 feet to 115 feet, failed to have a vertical load capacity of 3,660 pounds, and failed to have a horizontal load capacity of 1,390 pounds, as described herein, among other defective hydraulic, mechanical, and software issues within the knowledge of Defendants.

37. Despite attempts to repair the Fassi 600 10-Story Cranes, the Defendants were unable to correct and remedy the problems.

38. Plaintiff fully performed its obligations under the contracts.

39. Plaintiff sent a letter to Fascan and Craneworks on November 26, 2019 notifying Defendants that the Fassi 600 10-Story Cranes do not conform to the contract and representations made by Defendants, and failed for essential purposes.

40. As a direct, proximate, and foreseeable result of the Defendants' material breach, Plaintiff has suffered and continues to suffer immediate and substantial damages.

41. As a direct, proximate, and foreseeable result of the Defendants' material breach, Plaintiff is entitled to revoke acceptance of the non-conforming Fassi 600 10-Story Cranes in whole and recoup and be paid back its purchase price of both cranes plus associated damages pursuant to N.Y. U.C.C. § 2-608 and New York law.

42. By reason of the foregoing, defendants have breached their contract with Plaintiff.

**SECOND CLAIM FOR RELIEF**
**(UCC § 2-313 Breach of Express Warranty Against CraneWorks)**

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "42" with the same force and effect as if fully set forth at length herein.

44. In its quotations, CraneWorks expressly warranted that:

(a) The Fassi 600 10-Story Cranes would reach a height of ten (10) stories;

(b) The telescopic boom on the Fassi 600 10-Story Cranes would have a maximum horizontal reach of 28 to 101 feet;

(c) The telescopic boom on the Fassi 600 10-Story Cranes would have a maximum vertical reach of 41 to 115 feet;

(d) The telescopic boom on the Fassi 600 10-Story Cranes would have a horizontal load capacity of 1,390 pounds;

(e) The telescopic boom on the Fassi 600 10-Story Cranes would have a vertical load capacity of 3,660 pounds;

(f) And made several other express warranties concerning the mechanical, hydraulic, design, and performance capabilities, features and specifications of the Fassi 600 10-Story Cranes that were to be delivered to Plaintiff; and

(g) CraneWorks also expressly warranted that it would perform repairs to the Fassi 600 10-Story Cranes.

45. Notwithstanding the foregoing express warranties, the Fassi 600 10-Story Cranes were delivered in a defective condition and did not reach ten (10) stories, and were not properly repaired by CraneWorks.

46. The defective condition of the Fassi 600 10-Story Cranes rendered them unusable for their intended purpose and also resulted in lost profits, business expense, and replacement costs.

47. The defective condition of the Fassi 600 10-Story Cranes constitutes a breach of CraneWorks' express warranty.

48. As proximate result of CraneWorks' breach of the express warranty, as set forth above, Plaintiff has suffered damages in an amount to be shown according to the proof at trial, but not limited to, the cost of repairing and replacing the defective materials, parts, components, and systems lost profits and income, and legal and professional costs, as well as other incidental and consequential damages.

49. As a direct, proximate, and foreseeable result of the Defendants' material breach, Plaintiff is entitled to revoke acceptance of the non-conforming Fassi 600 10-Story Cranes in whole and recoup and be paid back its purchase price of both cranes plus associated damages pursuant to N.Y. U.C.C. § 2-608 and New York Law.

50. By reason of the foregoing, CraneWorks has breached its express warranty issued to and for the benefit of Plaintiff.

**THIRD CLAIM FOR RELIEF**
**(UCC § 2-313 Breach of Express Warranty Against Fascan)**

51. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "50" with the same force and effect as if fully set forth at length herein.

52. In its "Limited Warranties," Fascan expressly warranted that the Fassi 600 10-Story Cranes would not be delivered in a defective condition. Specifically, Fascan warranted that the Fassi 600 10-Story Cranes would be "free from defects in material and workmanship under normal and proper use …" and that "[i]n the event a sudden and unforeseen mechanical or structural breakdown occurs due to such defects … the Crane will be repaired to its condition prior to the breakdown."

53. Fascan's warranty also represented that the Fassi 600 10-Story Cranes' hydraulic hoses, which have undergone repeated repairs at the cost of Plaintiff, would be

11

"protected under this plan against defects in material and workmanship under normal use and service."

54. Fascan also expressly warranted that it would perform repairs to the Fassi 600 10-Story Cranes and that it is obligated to reimburse Plaintiff for the repair or replacement of the defective Fassi 600 10-Story Cranes.

55. Notwithstanding the foregoing express warranties, the Fassi 600 10-Story Cranes were delivered in a defective condition, and were not properly repaired by Fascan.

56. The defective condition of the Fassi 600 10-story Cranes rendered them unusable for their intended purpose and also resulted in lost profits, business expense, and replacement costs.

57. The defective condition of the Fassi 600 10-story Cranes constitutes a breach of Fascan's express warranty.

58. As a proximate result of Fascan's breach of the express warranty, as set forth above, Plaintiff has suffered damages in an amount to be shown according to the proof at trial, but not limited to, the cost of repairing and replacing the defective materials, parts, components, and systems, lost profits and income, and legal and professional costs, as well as other incidental and consequential damages.

59. As a direct, proximate, and foreseeable result of the Fascan's material breach, Plaintiff is entitled to revoke acceptance of the non-conforming Fassi 600 10-Story Cranes in whole and recoup and be paid back its purchase price of both cranes plus associated damages pursuant to N.Y. U.C.C. § 2-608 and New York law.

60. By reason of the foregoing, Fascan has breached its express warranty issued to and for the benefit of Plaintiff.

## FOURTH CLAIM FOR RELIEF
### (UCC § 2-313 Breach of Express Warranty Against Fassi)

61. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "60" with the same force and effect as if fully set forth at length herein.

62. In its "Fassi Crane Warranty," Fassi expressly warranted that the Fassi 600 10-Story Cranes would not be delivered in a defective condition. Specifically, pursuant to paragraph 1 of the "Fassi Crane Warranty" Fassi warranted "that the crane [that] is the subject of this sale (a) conforms to Fassi's published specifications, and (b) is free from defects in material, construction or workmanship."

63. Notwithstanding the foregoing, express warranties, the Fassi 600 10-Story Cranes were delivered in a defective condition.

64. The defective condition of the Fassi 600 10-Story Cranes rendered them unusable for their intended purpose and also resulted in lost profits, business expense, and replacement costs.

65. The defective condition of the Fassi 600 10-story Cranes constitutes a breach of Fassi's express warranty.

66. As a proximate result of Fassi's breach of the express warranty, as set forth above, Plaintiff has suffered damages in an amount to be shown according to the proof at trial, but not limited to, the cost of repairing and replacing the defective materials, parts, components, and systems, lost profits and income, and legal and professional costs, as well as other incidental and consequential damages.

67. As a direct, proximate, and foreseeable result of Fassi's material breach, Plaintiff is entitled to revoke acceptance of the non-conforming Fassi 600 10-Story Cranes in

whole and recoup and be paid back its purchase price of both cranes plus associated damages pursuant to N.Y. U.C.C. § 2-608 and New York law.

68. By reason of the foregoing, Fassi has breached its express warranty issued to and for the benefit of Plaintiff.

## FIFTH CLAIM FOR RELIEF
**(UCC § 2-314 Breach of Implied Warranty Against Defendants)**

69. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "68" with the same force and effect as if fully set forth at length herein.

70. In order for the Fassi 600 10-Story Cranes to be useful for their intended purpose they must be free from defective conditions, namely, they must extend and be operable at 10 stories.

71. Defendants are manufacturers, distributors, and retailers of goods including the Fassi 600 10-story Cranes that were sold in a defective condition to Plaintiff.

72. As a merchant of such goods, Defendants impliedly warranted that the good would be of merchantable quality.

73. Notwithstanding the implied warranty that the Fassi 600 10-Story Cranes were of merchantable quality, the Fassi 600 10-Story Cranes were not of such quality, since they were delivered in a defective condition and do not reach 10 stories.

74. As a result of the defective condition of the Fassi 600 10-Story Cranes that were delivered to Plaintiff, the Fassi 600 10-Story Cranes are unusable for their intended purpose and Plaintiff has been subject to damages in the form of lost profits, business expense, and repair and replacement costs.

75. Notwithstanding Plaintiff's expenditure in time and monies to repair the Fassi 600 10-Story Cranes as required by the Defendants pursuant to their warranties, Plaintiff has been unable to use the Fassi 600 10-Story Cranes.

76. Plaintiff has notified the Defendants on numerous occasions seeking to resolve this matter, but Defendants have failed to remedy the same.

77. By reason of the foregoing, defendants have breached their implied warranties of merchantability and fitness for a particular purpose issued to and for the benefit of Plaintiff.

## SEVENTH CLAIM FOR RELIEF
### (Strict Products Liability)

78. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "77" above with the same force and effect as if fully set forth at length herein.

79. The Fassi 600 10-Story Cranes was defective and not reasonably operable for their intended or reasonably foreseeable use or operation due to a design and/or manufacturing defect in the Fassi 600 10-Story Cranes, namely, the cranes do not extend to a 10-story level, and are not operable at any level beyond eight (8) stories.

80. Upon information and belief, the Fassi 600 10-Story Cranes were defectively designed and/or manufactured.

81. Upon information and belief, the Defendants negligently tested the Fassi 600 10-Story Cranes.

82. At all times, Plaintiff used the Fassi 600 10-Story Cranes for the purposes and in the manner normally intended or for reasonably foreseeable purposes, uses, and

operations, and could not by the exercise of reasonable care have discovered the defects in the cranes.

83. Defendants are manufacturers, distributors, and retailers of goods including the Fassi 600 10-Story Cranes that were sold in a defective condition to Plaintiff.

84. As a direct and proximate result of the defective condition of the Fassi 600 10-Story Cranes, Plaintiff suffered injury to property, including but not limited to, lost profits, economic expenses, reputational damage, and other incidental and consequential damages.

85. By reason of the foregoing, the subject products were defective and Defendants are strictly liable thereon, and Plaintiff seeks damages from Defendants.

**EIGHTH CLAIM FOR RELIEF**
**(Negligence Against Defendants)**

86. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "85" above with the same force and effect as if fully set forth at length herein.

87. Defendants had a duty to exercise reasonable care in design, manufacture, inspection, testing, and sale of the Fassi 600 10-Story Cranes.

88. Defendants had a duty to exercise reasonable care to investigate malfunctions in their Fassi 600 10-Story Cranes and advise purchasers of these malfunctions before and after and before purchase and offer them free-of-charge replacement parts for the malfunctioning components.

89. Defendants breached these duties to Plaintiff by either failing to properly design, manufacture, and/or test the Fassi 600 10-Story Cranes Plaintiff purchased and/or by failing to timely investigate, discover, and remedy the defective condition of the Fassi 600 10-Story Cranes.

16

90. As a direct and proximate result of the negligence and lack of reasonable care on the part of the Defendants, Plaintiff sustained damages, including repair and replacement costs, incidental and consequential damages, lost profits, business expenses, and other economic damages, which will continue in the future, all to the Plaintiff's detriment.

91. By reason of the foregoing, defendants were negligent in the manufacture, design, sale, servicing and/or repair of the subject cranes.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Certified Lumbar, LLC, respectfully requests a judgment against Defendants for all Causes of Action as follows:

i. For monetary damages according to the proof;

ii. For revocation of the acceptance of the Fassi 600 10-Story Cranes;

iii. For fees and costs;

iv. For interest at the maximum legal rate; and

v. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 19, 2020

HERZFELD & RUBIN, P.C.
Attorneys for Plaintiff,
Certified Lumbar, LLC

By: ____*s/ Michael B. Sena*_____
Michael B. Sena
Alyssa Jordan Pantzer
125 Broad Street
New York, New York 10004
(212) 471-8500